[NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-2012

WALGREEN CO., WALGREEN OF SAN PATRICIO, INC.,
AND WALGREEN OF PUERTO RICO, INC.,

Plaintiffs, Appellees,

v.

CARMEN FELICIANO DE MELECIO,
SECRETARY OF THE PUERTO RICO DEPARTMENT OF HEALTH,

Defendant, Appellee.

_____

ASOCIACION FARMACIAS DE COMUNIDAD DE PUERTO RICO, INC.,

Intervenor, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Torruella, Chief Judge,
Coffin and Campbell, Senior Circuit Judges.

Victor P. Miranda Corrada and Roberto Roldan Burgos on brief for appellant.
Victor P. Miranda Corrada on brief for appellee Carmen Feliciano de Melecio.
Yolanda Benitez de Alegria, Stephen D. Poss and Henry C. Dinger on brief for Walgreen Co., Walgreen of San Patricio, Inc., and Walgreen of Puerto Rico, Inc.

**Per curiam.** Appellant Asociacion Farmacias de Comunidad de Puerto Rico (Asociacion), an organization representing 500 independent Puerto Rico pharmacies, sought to intervene in a suit brought by Walgreen Company, a large pharmaceutical chain, seeking to invalidate a Puerto Rico licensing system for new and relocating pharmacies.  The Asociacion wants to support the defendant, Puerto Rico's Secretary of Health, in rebuffing Walgreen's claim that the system violates the Commerce Clause of the Constitution.  The district court denied motions under Fed. R. Civ. P. 24(a) and (b) for mandatory and permissive intervention, and the Asociacion then brought this interlocutory appeal.  We affirm, primarily for the reasons expressed by the district court, adding only the following thoughts.

To begin, our review is constrained by a considerable measure of deference to the district court's discretion, as there is no claim that improper standards were applied.  See Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998).

Appellant identifies the interest it seeks to protect as its members' "procedural and participation rights in the administrative determination of whether to issue or not a

Certificate of Necessity and Convenience." It also asserts that some members' appeals from adverse administrative determinations are pending in the courts of Puerto Rico and that invalidation of the statutory scheme would in effect adjudicate those appeals and violate their due process rights.

Appellant misconceives the nature of the rights at stake. No member's right to establish or relocate a pharmacy is affected. Rather, the administrative proceedings reflect members' attempts to defeat the applications of other pharmacies. Such an interest in foreclosing competition falls short of the "interest relating to the property or transaction" required by Rule 24(a)(2). As we held in Patch, 136 F.3d at 205, 207 n.8, neither prior nor anticipated participation in administrative proceedings constitutes an "independent basis for intervention." To the extent that potential economic harm resulting from the proceedings could so qualify, it must be more than "overly contingent." Id. at 205. The ongoing litigation must "directly threaten[] an economic right or benefit presently enjoyed . . . . " Id. Here, economic harm threatened by the entrance of a competitor on the scene is subject to the actions and capacities of competitors, the nature of the markets, the state of the economy, and other factors. In these

circumstances, appellant's members have no protectable right to the continuation of the regulatory process.

Appellant asserts that the Secretary will not provide adequate representation of its members' interests, basing its argument on the complaint's allegation that the Health Department fails to maintain adequate records of proceedings and decisions. Appellant contends that the Department would be unlikely to admit the existence of record-keeping flaws, while the Asociacion would point out such flaws and demonstrate that they impact both local and out- of-state pharmacies and thus reflect administrative inefficiency, not unconstitutional discrimination against out-of-state businesses.

The possibility that different legal arguments will be used does not constitute inadequate representation, Daggett v. Comm'n on Governmental Ethics and Election Practices, 172 F.3d 104, 112 (1st Cir. 1999), and, indeed, appellants were granted permission to submit an amicus brief in which any such variations could be presented, see Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n, 197 F.3d 560, 567 (1st Cir. 1999). Bearing in mind the considerable burden borne by a would-be intervenor to show that a government agency is not fairly representing its interests, Daggett, 172 F.3d at 112; Patch, 136 F.3d at 207, we conclude that appellants' "offer [of]

a different angle" on legal questions, <u>Patch</u>, 136 F.3d at 210, is insufficient to warrant reversing the district court's judgment.

As for denial of permissive intervention, what we have said clearly supports the district court's exercise of discretion.

<u>Affirmed.</u>